**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAUL ARELLANO, JR., <br><br>                      Plaintiff, <br><br>v. <br><br>E. OJEDA, et al., <br><br>                      Defendants. | Case No.: 14cv2401-MMA (JLB) <br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br>[Doc. No. 34] |

      Plaintiff Raul Arellano, Jr. is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Defendants E. Ojeda and L. Helmick move for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Doc. Nos. 34, 39. Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff filed an opposition to the motion, to which Defendants replied. *See* Doc. Nos. 37, 42. In addition, the Court permitted Plaintiff to file a sur-reply. *See* Doc. No. 48. The Court took the motion under submission on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 43. For the reasons set forth below, the Court **DENIES** Defendants' motion.

## BACKGROUND[1]

This action arises out of events occurring on or about April 17, 2014 through April 22, 2014, at R. J. Donovan Correctional Facility in San Diego, California. According to Plaintiff, during that time he was housed in solitary confinement. On the evening of April 17, 2014, Plaintiff alleges that the toilet in his cell overflowed. Due to the persistence of the problem, and the resulting unsanitary conditions in his cell, Plaintiff asked Defendant Lieutenant Helmick for assistance. Defendant Helmick told Plaintiff to unclog the toilet with his hands. At Defendant Helmick's suggestion, Plaintiff submitted a California Department of Corrections and Rehabilitation ("CDCR") Form 22 Inmate/Parolee Request for Interview, Item or Service on April 20, 2016. The request was filled out to the attention of Defendant Sergeant Ojeda. On April 23, 2016, Defendant Ojeda responded to the request, noting that the toilet was no longer clogged. Ojeda advised Plaintiff to request cleaning supplies from the floor officers.

## LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), inmates seeking relief from prison conditions must exhaust available administrative remedies prior to bringing any suit challenging prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("exhaustion is mandatory . . . unexhausted claims cannot be brought in court"). "[T]he prison's requirements . . . define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[T]he exhaustion question in PLRA cases should be decided as early as feasible." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014).

---

[1] The facts material to the exhaustion issue are taken from Defendants' Separate Statement of Uncontested Facts, as well as pertinent declarations and exhibits submitted by the parties.

In the Ninth Circuit, a motion for summary judgment is generally the appropriate vehicle for raising the plaintiff's failure to exhaust administrative remedies because "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216; *Albino*, 747 F.3d at 1170 ("[A] motion for summary judgment, as opposed to an unenumerated Rule 12(b) motion, [is the proper procedural device] to decide exhaustion"). The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. *See Albino*, 747 F.3d at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Id*.

The Court must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S. Ct. 1566 (2012). The Court determines only whether there is a genuine issue for trial and, in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

## DISCUSSION

The California Department of Corrections and Rehabilitation (CDCR) provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and/or officials. *Id*. § 3084.1(e). On January 28, 2011, the inmate appeals process was modified and limited to three levels of review with provisions allowing the first level to be bypassed under specific circumstances. *Id*. § 3084.7. If a prisoner is not satisfied with the response he receives at the first level of review, he may submit his appeal to the second level of review, after

which he may appeal to the third and final level. *Id*. § 3084.7. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Id*. at 90.

### 1. Plaintiff's Inmate Appeals

On November 26, 2014, the R. J. Donovan Inmate Appeals Office ("IAO") received Plaintiff's Inmate 602 Appeal, Log No. 14-4202, regarding the toilet incident. In this appeal, Plaintiff stated:

> On May 1, 2014 I send a 602 to Appeal Coordinator raising the same issue I'll be raising here. I then have been waiting till this day for a response. I didn't send another 602 sooner because it can get cancel [sic] due to Title 15 rules for duplication. Since it doesn't say how much time it has to pass in order to file another 602, that is why I waited till now. But I believe 5-6 months is been enough time to re-due [sic] another one.

Doc. No. 34-3 at 8-10.[2] On December 9, 2014, the IAO cancelled the appeal as untimely.

On December 16, 2014, the IAO received Plaintiff's Inmate 602 Appeal, Log No. 14-4414, regarding the cancellation of Plaintiff's November 2014 appeal. In this appeal, Plaintiff requested that the IAO grant review of the issues raised in his November 2014 appeal, despite the untimeliness of that appeal. At the second level of review, Plaintiff informed the Appeals Coordinator that he could provide evidence that he submitted a timely appeal regarding the toilet incident on May 1, 2014. Plaintiff claimed that he had kept the original of the May 1, 2014 appeal in his cell, together with the Form 22 service request he submitted on April 20, 2014. On January 29, 2015, Plaintiff's appeal was denied at the second level of review based on Plaintiff's failure to "substantiate his

---

[2] Document citations refer to the pagination assigned by the CM/ECF system.

claim" regarding submission of a timely appeal on May 1, 2014 with "any credible information or evidence." Doc. No. 37 at 10.

Plaintiff appealed to the third level of review on February 11, 2015. With this submission, Plaintiff attached the purported original of his May 1, 2014 appeal as a supporting exhibit. On April 28, 2015, Plaintiff's appeal was denied at the third level of review. The third level reviewer noted that "the appellant claims he submitted the original appeal on May 1, 2014; however, there is no evidence to support his claim." *Id*. at 3.

On May 15, 2015, the IAO received Plaintiff's Inmate 602 Appeal, Log No. 15-1984, regarding the toilet incident. In this appeal, Plaintiff stated:

> I know am submitting this 602 one year later but I did file within the 30 day [sic] of the incident. Also another one 5 months after. But never got a response. I then was about to submit another one but my property got taken due to me been in suicidal then to adseg.

*Id*. at 15-17. On June 11, 2015, the IAO canceled the appeal as untimely.

### 2. Analysis

Defendants argue that Plaintiff did not exhaust his administrative remedies properly before filing this lawsuit. Defendants put forth evidence demonstrating that Plaintiff did not comply with CDCR's administrative grievance procedures, including the declaration testimony of B. Self, the Appeals Coordinator at R. J. Donovan. According to Self, Plaintiff submitted two Inmate Appeals regarding the events at issue in this litigation, both of which were cancelled as untimely pursuant to California Code of Regulations, title 15, § 3084.6(c)(4), and § 3084.8(b)(1). *See* Self Decl. ¶ 6. In his declaration, Self avers that prison officials "did not receive and accept for review any timely appeals from plaintiff relating to the allegations" at issue in this case. *Id*. ¶ 7.

Over the course of this litigation, Plaintiff has made various representations regarding exhaustion. Plaintiff stated in his original complaint, filed on October 8, 2014, that he had not exhausted his administrative remedies as to the events of April 17-22,

2014 at the time he initiated this action. *See* Doc. No. 1 at 6. Although Plaintiff checked both the "yes" and "no" boxes in response to the inquiry regarding exhaustion, Plaintiff stated "[a]dministrative relief was not sought because a 602 could not have been able to fix the problem. There was no remedy to damage what had already been done." *Id*. Plaintiff's admission is "competent evidence of the facts stated." *Huey v. Honeywell*, 82 F.3d 327, 333 (9th Cir. 1996). Nevertheless, in his Second Amended Complaint, filed on December 7, 2015, Plaintiff alleges that he exhausted his administrative remedies through the third level of review. *See* Doc. No. 13 at 8.

With his opposition brief, Plaintiff submits documentation related to his December 2014 appeal, Log No. 14-4414, including a copy of the Third Level Appeal Decision, dated April 28, 2015, denying the appeal. *See* Doc. No. 37 at 3. However, Plaintiff's December 2014 appeal did not exhaust his claim in this action for two reasons. First, it was submitted and exhausted after Plaintiff filed suit. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.); *see also Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014). Second, Plaintiff's December 2014 appeal challenged the cancellation of his November 2014 appeal, but did not address the underlying April 2014 toilet incident. As such, Plaintiff's December 2014 appeal did not suffice to exhaust his claim regarding that incident. *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010).

Notwithstanding his apparent failure to exhaust the Eighth Amendment claim raised in this action, Plaintiff has maintained since November 2014 that he did in fact submit a timely appeal on May 1, 2014, regarding the clogged toilet in his cell, but he never received a response from prison officials. If so, this would suggest that Plaintiff should be excused from the exhaustion requirement. An inmate's failure to exhaust under the PLRA may be excused where "circumstances render administrative remedies effectively unavailable." *See Nunez v. Duncan*, 591 F.3d 1217, 1224, 1226 (9th Cir. 2010). To be available, a remedy must be "available as a practical matter" and "capable

of use." *Albino*, 747 F.3d at 1171. For example, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. __, 136 S. Ct. 1850, 1855 (2016).

Plaintiff declares under penalty of perjury that "I did submitt [sic] 602 on time but it was lost." Doc. No. 48 at 2. Plaintiff goes on to explain:

> Once lost I then submitted 4202 but was consider late. I filed 4414 and when I filed it I attached the original 602 dated within the 30 days exception. I mention I was sending the original because only a copy was sent. I send a copy because I wanted to prevent that if 602 lost or thrown away I still had the original. And just as how I felt or had a feeling it occured [sic]. Officers had thrown away my initial 602. And it's why after giving 602 Appeal office a reasonable time to answer I decided to make 602-4202. Then 4414 due to the fact 4202 was late . . . when I was interview by Olson (602 Appeal Coordinator) on 4414, I did told him about the 602 I previously submitted on May 1, 2014, but he didn't want to take my evidence as evidence. According to him such evidence was not enough. I then told him that how was I suppose [sic] to prove I send it if 602's don't got receipts, neither it leaves copy's. But Olson didn't care. He didn't told me he would deny me until I received his results.

*Id*. Although it appears that Plaintiff is not certain whether his May 1, 2014 appeal was lost in the mail or purposefully mishandled by prison officials, the result would have been the same in either case – the unavailability of the administrative grievance process, and therefore any potential remedy. *See Albino v. Baca*, 697 F.3d 1023, 1034 (9th Cir. 2012) ("[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable.").

Defendants argue that the Court should discount Plaintiff's explanation regarding his failure to exhaust, and question the veracity of his assertions regarding the submission of an appeal on May 1, 2014. According to Defendants, crediting Plaintiff's evidence "creates a troubling precedent whereby prisoners can effectively perform an end-run around the Prison Litigation Reform Act's exhaustion requirement by blithely offering a the-dog-ate-my-homework excuse that they filed the appeal, 'but it must have gotten

7

lost.'" Doc. No. 42 at 4. The Court is sympathetic to Defendants' point in this regard. But as the Seventh Circuit has noted, "the potential for fraud does not justify obligating truthful prisoners to prove that they mailed their complaints when the prison authorities do not provide them with means for verification." *Dole v. Chandler*, 438 F.3d 804, 813 (7th Cir. 2006).

In this case, Plaintiff consistently asserted throughout the appeal process that he submitted a timely appeal of the toilet incident on May 1, 2014, and for reasons unbeknownst to him, he never received a response. "When prison officials fail to respond to a prisoner's grievance within a reasonable time, the prisoner is deemed to have exhausted available administrative remedies within the meaning of the PLRA." *Andres v. Marshall*, No. 15-56057, 2017 U.S. App. LEXIS 6990, at *6 (9th Cir. Apr. 21, 2017) (per curiam); *see also Sapp*, 623 F.3d at 823 (citing *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) ("[P]rison officials' failure to respond to a properly filed grievance makes remedies 'unavailable' and therefore excuses failure to exhaust.")).

In sum, although Defendants have shown that Plaintiff failed to exhaust his administrative remedies prior to commencing this action, Plaintiff submits competent evidence demonstrating that his failure must be excused. Accordingly, summary judgment in Defendants' favor is not appropriate.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' motion for summary judgment.

**IT IS SO ORDERED**.

DATE: April 25, 2017

HON. MICHAEL M. ANELLO
United States District Judge