# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raul Arellano,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>E. Ojeda, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 14-cv-02401-MMA-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION**<br><br>[ECF No. 72] |

Before the Court is Plaintiff's motion seeking an order appointing an expert witness. (ECF No. 63.) Plaintiff states the following as the grounds for his motion:

> Due to the fact this case involves complex issues of conditions of the Prison. Basically, only an expert can accurately and more precisely testify about what protocols that officers need to follow whenever conditions as how I complaint [*sic*] occurred. Also, only an expert can assert about the failures of the officials running facility as well as the Defendants in question. Without an expert it will be impossible to prove the officials fail to do certain [*sic*] protocols that was in their access to avoid my injury.

(*Id.*) Defendants oppose the motion on the grounds that the request for an expert is both untimely and unnecessary in this case. (ECF No. 69.) Without leave of court,[1] Plaintiff filed a reply expanding upon the grounds for his motion. (ECF No. 72.)

---

[1] Pursuant to Judge Burkhardt's Civil Chambers Rules, "[r]eply briefs will not be permitted unless requested or authorized by the Court." (J. Burkhardt Civ. Chambers R. § IV.D.) Nevertheless, the Court considers the reply for purposes of deciding Plaintiff's motion.

1

## LEGAL STANDARD

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed. R. Evid. 702. A court has full discretion to appoint an expert witness either by its own motion or by a party's motion. Fed. R. Evid. 706(a); *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1991), overruled on other grounds by *Helling v. McKinney*, 502 U.S. 903 (1991). "Appointment of an expert witness may generally be appropriate when scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." *Arellano v. Hodge*, No. 14cv590-JLS-JLB, 2017 WL 2692875, at *1 (S.D. Cal. June 22, 2017) (internal quotations omitted). Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1181 (E.D. Cal. 2011). Additionally, expert witnesses should not be appointed to serve as an advocate for a party. *Faletogo v. Moya*, 12cv631-GPC-WMc, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013).

Federal Rule of Evidence 706 is not a means to avoid the *in forma pauperis* statute, 28 U.S.C. § 1915, and its prohibition against using public funds to pay the expenses of witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Thus, courts should appoint an expert for an indigent inmate and apportion all costs to an opponent only "when the expert would significantly help the court" understand complex or compelling issues. *Bovarte v. Schwarzenegger*, 08cv1661-LAB-NLS, 2011 WL 748597, at *20 (S.D. Cal. Sept. 21, 2011), Report and Recommendation adopted at 2012 WL 760620 (S.D. Cal. Mar. 7, 2012).

## ANALYSIS

Having reviewed the motion, opposition, and reply papers, the Court concludes that the type of expert witness requested by Plaintiff is not necessary and would not be significantly useful for the trier of fact to comprehend a material issue in this case. Plaintiff alleges that Defendants violated his Eighth Amendment rights by leaving him in a sewage-contaminated cell from April 17, 2014, to April 22, 2014. (*See* ECF Nos. 13 at 3-7; 55 at

1.) Plaintiff argues an expert is needed to inspect the scene of the incident (cell 110) and opine on disputed facts based on knowledge gained from a site inspection and/or knowledge of prison protocols and procedures for officers in administrative segregation units. (ECF Nos. 63, 72.) The Court finds that this case does not involve complicated issues of fact, and thus, specialized knowledge from the type of expert requested is not necessary and would not be significantly useful.

Further, the appointment of an expert would unnecessarily increase litigation costs. Because Plaintiff is proceeding *in forma pauperis* (ECF Nos. 3, 23), the Court assumes that Plaintiff is unable to compensate an expert witness. As noted above, under the *in forma pauperis* statute, 28 U.S.C. § 1915, the Court is prohibited from using public funds to pay the expenses of witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Thus, if the Court were to appoint an expert on behalf of Plaintiff, it would be required to apportion the cost of Plaintiff's witness to Defendants. *See* Fed. R. Evid. 706(b). In instances such as this, where the government would be required to bear the cost, the Court must exercise caution. *Jimenez v. Sambrano*, 04cv1833-L-PCL, 2009 WL 653877, at *2 (S.D. Cal. Mar. 12, 2009). Here, as noted above, the Court concludes that neither the facts nor the legal issues in this matter are complex and it would be unjust to require the government to bear the cost of an expert witness.

Plaintiff's motion is also denied as untimely. Plaintiff filed his motion on October 18, 2017, after the September 29, 2017 deadline in the Court's scheduling order for the parties to complete all discovery. (ECF Nos. 63, 54 at 2-3.) The parties' Joint Discovery Plan shows that Plaintiff "met and conferred telephonically on May 30, 2017" with counsel for Defendants regarding the scheduling order deadlines in this case, agreed that this case does not implicate expert evidence, and accepted the Court's scheduling order.[2] (ECF No. 63.) Plaintiff is an experienced litigator who has demonstrated competence in this case as

---

[2] The Joint Discovery Plan was signed and dated by Plaintiff on May 31, 2017. (ECF No. 55 at 6.)

well as in the various cases he has filed in this court.[3] However, Plaintiff has not demonstrated diligence in conducting discovery in this case.[4] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992) ("The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."). And the Court is not persuaded that the obstacles Plaintiff asserts he has faced during the course of this litigation prevented him from filing the instant motion sooner. (*See* ECF No. 72.) Thus, the motion is also denied as untimely.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion seeking an order appointing an expert witness (ECF No. 63) is DENIED.

IT IS SO ORDERED.

Dated: February 26, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[3] As set forth in Defendants' opposition papers (ECF No. 69 at 6), Plaintiff is currently litigating nine other state and federal court cases: *Arellano v. Hodge, et al.*, 14cv590-JLS-JLB (S.D. Cal.); *Arellano v. RJD, et al.*, 37-2014-00034262-CU-PO-CTL (San Diego Sup. Ct.); *Arellano v. Sedighi, et al.*, 37-2016-00021416-CU-PO-CTL (San Diego Sup. Ct.); *Arellano v. CDCR*, 37-2015-00028240-CL-PL-CTL (San Diego Sup Ct.); *Arellano v. Blahnik*, 16cv2412-CAB-DHB (S.D. Cal.); *Arellano v. Sedighi*, 15cv2059-AJB-BGS (S.D. Cal.); *Arellano v. Milton, et al.*, 15cv2069-JAH-NLS (S.D. Cal.); *Arellano v. Richard J. Donovan Correctional Facility*, 37-2015-00031414-CU-MM-CTL (San Diego Sup. Ct.); *Arellano v. Dean*, 15-cv-02247-JLS-JLB (S.D. Cal.).

[4] Defendants contend, and Plaintiff does not dispute in his reply papers, that "Plaintiff did not conduct even the most elementary discovery. He did not serve any interrogatories, requests for admissions, or requests for production of documents in an effort to prove his allegations." (ECF No. 69 at 6 (citing T. Sheehy Decl. at ¶2).)