# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR., <br><br> Plaintiff, <br><br> v. <br><br> E. OJEDA, et al., <br><br> Defendants. | Case No.: 14cv2401-MMA (JLB) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME OR IN THE ALTERNATIVE FOR RECONSIDERATION** <br><br> [Doc. No. 90] |

Plaintiff Raul Arellano, Jr. is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. On March 30, 2018, the Court granted summary judgment in favor of Defendants as to Plaintiff's Eighth Amendment conditions of confinement claim, and the Clerk of Court entered judgment accordingly. *See* Doc. Nos. 87, 88. Plaintiff now moves for an extension of time in which to file a motion for reconsideration of the Court's summary judgment order. *See* Doc. No. 90. In the alternative, Plaintiff requests that the Court deem the reasons set forth in his current motion as sufficient grounds for reconsideration of its summary judgment order. *Id.* Plaintiff also seeks assistance with filing a notice of appeal from the Court's order and judgment. *Id.*

1

Because Plaintiff sets forth substantive grounds for reconsideration in his motion, the Court construes the motion as a request for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Ordinarily, reconsideration is appropriate if the Court is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). While Federal Rules of Civil Procedure 59(e) and 60(b) permit a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). To carry the burden of proof, a moving party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

There has been no intervening change in Eighth Amendment jurisprudence or newly discovered evidence in this case. Plaintiff's motion does not convince the Court he can demonstrate "manifest injustice" occurred in the granting of Defendants' motion and dismissal of his case. The only remaining ground that could support reconsideration is clear error. Upon review, the Court finds that Plaintiff will not be able to establish grounds for reconsideration based on clear error. Moreover, Plaintiff indicates his intention to point to the same facts (which the Court previously construed in his favor), and raise the same arguments presented earlier to the Court, which provides an insufficient basis for a motion for reconsideration. *See United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) ("Motions to reconsider are not vehicles permitting the unsuccessful party to rehash arguments previously presented.").

//
//
//

1 | Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration of its
2 | previous order and entry of judgment in favor of Defendants. The Court **DIRECTS** the
3 | Clerk of Court to provide Plaintiff with a blank Notice of Appeal (Civil) form. Plaintiff
4 | should complete the form and mail it to the following address:

> Office of the Clerk James R. Browning Courthouse
> United States Court of Appeals for the Ninth Circuit
> P.O. Box 193939
> San Francisco, CA 94119-3939

**IT IS SO ORDERED**.

DATE: April 27, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge