# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>                              Plaintiff,<br>vs.<br><br>E. OJEDA, et al.,<br><br>                            Defendants. | Case No. 3:14-cv-02401-MMA-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 59(E)**<br><br>[Doc. No. 123] |

Plaintiff Raul Arellano, Jr., a state prisoner proceeding *pro se*, brings an Eighth Amendment conditions of confinement claim pursuant to 42 U.S.C. § 1983, arising out of allegations that prison officials failed to adequately respond when his cell toilet clogged and overflowed over the course of a long weekend in April 2014. As relevant here, Defendants O. Mack and L. Helmick previously moved for summary judgment on the ground that they are entitled to qualified immunity from suit. *See* Doc. No. 101. The Court granted the motion and entered judgment in favor of Defendants. *See* Doc. Nos. 105, 106. Plaintiff moved for reconsideration of the Court's ruling and judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* Doc. No. 114. The Court denied

Plaintiff's motion.  *See* Doc. No. 121.  Plaintiff once against moves for reconsideration, arguing that the Court committed clear error.  *See* Doc. No. 123.

Federal Rule of Civil Procedure 59(e) authorizes courts to provide relief from judgment by motion.  *See* Fed. R. Civ. P. 59(e).  It is appropriate to alter or amend a judgment pursuant to this rule if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."  *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).  To carry the burden of proof, a moving party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court.  *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  This is because Rule 59(e) may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486-87 (2008); *see also Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988) (finding denial of a Rule 59(e) motion proper where the motion "presented no arguments that had not already been raised in opposition to summary judgment").  Yet that is precisely Plaintiff's intention in bringing the instant motion.

In any event, the Court has carefully reviewed the entire record of this case and exhaustively reconsidered its previous rulings.  The Court is satisfied that it did not commit any error.  Defendants Mack and Helmick are entitled to qualified immunity from suit and judgment in their favor.  Accordingly, the Court **DENIES** Plaintiff's motion.  The Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank Notice of Appeal (Civil) form.

**IT IS SO ORDERED**.

DATED: April 23, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge